*Decision will be entered under Rule 155.*

W. Frank Blevins and Henrietta W. Blevins, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 770-72.     Filed January 29, 1974.

*Perry Shields*, for the petitioners.
*Jack D. Yarbrough* and *Richard J. Neubauer*, for the respondent.

### OPINION

Irwin, *Judge:* Respondent determined a deficiency of $2,715.68 in the income tax of petitioners for the calendar year 1968. The only issue in dispute is the recapture of prior years' investment credits totaling $2,904.88.

All of the facts have been stipulated and are found accordingly.

Petitioners W. Frank Blevins and Henrietta W. Blevins, husband and wife, resided in Greeneville, Tenn., at the time of the filing of the petition herein. For the taxable year 1968 they filed their joint Federal income tax return with the Southeast Service Center, Chamblee, Ga. Henrietta W. Blevins is a party to this proceeding only because joint returns were filed. W. Frank Blevins will hereinafter be referred to as petitioner.

From December 1, 1965, to December 31, 1966, petitioner owned a 45-percent interest in a partnership known as the Franklin Furniture Co. (hereinafter referred to as the partnership). During this period the partnership purchased new and used section 38 [1] property which was allocated to the partners according to their interest in

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect during the period in issue, unless otherwise indicated.

the partnership. The basis or cost of the section 38 property allocated to petitioner was as follows:

NEW SECTION 38 PROPERTY

|  | 5-year life | 10-year life | 15-year life |
|---|---|---|---|
| 1965 [3] | $1,452.58 | $35,530.87 | |
| 1966 | | | $15,982.44 |

USED SECTION 38 PROPERTY

|  | 6-year life | 10-year life |
|---|---|---|
| 1965 [8] | | $22,500.00 |
| 1966 | $1,552.50 | 2,281.64 |

Petitioner's total investment credit for 1965 [4] was $4,096.05, of which $2,596.79 was allowed as a credit against petitioners' 1965 tax liability. The balance ($1,499.26) was carried back against their 1962 tax liability, and as a result of this carryback petitioners recovered a refund of $1,499.26.

Petitioner's total investment credit for 1966 [5] was $1,350.94. This was carried back against petitioners' 1963 tax liability, and as a result of this carryback they received a refund of $1,350.94.

The total investment credit received by petitioner, based on that portion of the section 38 property purchased by the partnership from December 1, 1965, to December 31, 1966, and allocated to petitioner was $5,446.99.[6]

On December 19, 1966, Franklin Furniture Corp. (hereinafter referred to as the corporation) was organized to take over the operation of the partnership. The transfer of the assets was effected as of the close of business on December 31, 1966, pursuant to section 351. All of the section 38 property acquired by the partnership from December 1, 1965, to December 31, 1966, was transferred to the corporation. The bases to the corporation of such section 38 property was determined wholly by reference to the bases in the hands of the partners to the partnership.

---

[2] Dec. 1, 1965, through Dec. 31, 1965.

[3] See fn. 2 *supra*.

[4] All based on that portion of the sec. 38 property purchased by the partnership from Dec. 1, 1965, through Dec. 31, 1965, and allocated to petitioner.

[5] All based on that portion of the sec. 38 property purchased by the partnership during 1966 and allocated to petitioner.

[6] The $5,446.99 is computed as follows:

| | |
|---|---|
| Decrease in 1965 tax liability | $2,596.79 |
| Refund of 1962 tax liability | 1,499.26 |
| Refund of 1963 tax liability | 1,350.94 |
| | 5,446.99 |

The corporation issued 250 shares of stock of which petitioner received 112.5 shares or 45 percent.

On July 1, 1968, petitioner made gifts of 30 shares of stock in the corporation to each of his sons, Willard S. Blevins and Avery W. Blevins. These gifts reduced petitioner's percentage ownership of the corporation's stock from 45 percent to 21 percent, a reduction of 53.33 percent. As of the date of the gifts of stock, the section 38 property acquired by the partnership from December 1, 1965, to December 31, 1966, had been in use for less than 4 years. As of December 31, 1968, the corporation had not disposed of any of the above-mentioned section 38 property.

The parties have agreed that if recapture is determined, the amount of recapture will be $2,904.88, which is 53.33 percent of $5,446.99, the total investment credit received by petitioner based on that portion of the section 38 property purchaesd by the partnership from December 1, 1965, to December 31, 1966, and allocated to petitioner.

The issue presented is whether gifts made by petitioner in 1968 of 53.33 percent of his stock in the corporation which was the successor to the partnership of which petitioner was a partner triggered a recapture of 53.33 percent of the investment credits allocated to petitioner in 1965 and 1966 by reason of his status as a partner and utilized by petitioners to obtain refunds from their tax liability for the years 1962 and 1963 and to offset their tax liability for 1965.

Section 47(a)(1)[7] requires a taxpayer to recapture investment credits taken pursuant to section 38 to the extent any of the underlying "property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer," prior to the close of the useful life period utilized in determining the amount of investment credits previously allowed. Section 1.47–2(a)(2)(i), Income Tax Regs., provides:

(2) *"Cessation"*. (i) A determination of whether section 38 property ceases to be section 38 property with respect to the taxpayer must be made for each taxable year subsequent to the credit year. Thus, in each such taxable year the taxpayer must determine, as if such property were placed in service in such taxable year, whether such property would qualify as section 38 property

---

[7] SEC. 47. CERTAIN DISPOSITIONS, ETC., OF SECTION 38 PROPERTY.
  (a) GENERAL RULE.—Under regulations prescribed by the Secretary or his delegate—
    (1) EARLY DISPOSITION, ETC.—If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, then the tax under this chapter for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38 property.

(within the meaning of § 1.48–1) in the hands of the taxpayer for such taxable year.

Section 47(b)[8] provides an exception to the recapture provisions when property, which was the basis of prior investment credits, is disposed of by:

a mere change in the form of conducting the trade or business *so long as* the property is retained in such trade or business as section 38 property *and* the taxpayer retains a substantial interest in such trade or business. [Emphasis supplied.]

The conditions to be satisfied to prevent recapture are set forth in section 1.47–3(f)(1)(ii), Income Tax Regs. This exception is applicable only "so long as" the property is retained in the new enterprise as section 38 property *and* the taxpayer retains a substantial interest in such new enterprise. Thus, if subsequent to "a mere change in the form of conducting the trade or business" the taxpayer thereafter disposes of enough of his interest in the new enterprise so that he fails to retain a substantial interest in such new enterprise, the exception contained in section 47(b) is no longer applicable and recapture under section 47(a)(1) is triggered. *Mitchell A. Aboussie,* 60 T.C. 549 (1973). See also S. Rept. No. 1881, 87th Cong., 2d Sess., p. 152 (1962), 1962–3 C.B. 856, where the following was noted:

subsection (b) of section 47 provides, in effect, a suspension of the application of section 47(a) where there has been a mere change in the form of conducting a trade or business so long as (1) the property is retained in such trade or business as section 38 property, and (2) the taxpayer retains a substantial interest in such trade or business. On the occurrence of any event which results in a failure to meet either of the conditions described above, the property will be deemed to cease to be section 38 property when such event occurs. * * *

*      *      *      *      *      *      *

The determination of whether the taxpayer has retained a substantial interest in the trade or business is to be made immediately after the change in form of conducting the business, as well as after each time the taxpayer disposes of a portion of his interest in the new enterprise. * * *

In this instance a partnership was converted into a corporation and petitioner retained the same percentage interest in the corporation as he had in the partnership. Section 47(b) clearly states that this is not an occasion for recapture. See sec. 1.47–3(f)(1), Income Tax Regs. At this point the section 38 property is retained by the corporation as section 38 property and petitioner has retained an interest identical to his

---

[8] (b) SECTION NOT TO APPLY IN CERTAIN CASES.—Subsection (a) shall not apply to—
  (1) a transfer by reason of death, or
  (2) a transaction to which section 381(a) applies.
For purposes of subsection (a), property shall not be treated as ceasing to be section 38 property with respect to the taxpayer by reason of a mere change in the form of conducting the trade or business so long as the property is retained in such trade or business as section 38 property and the taxpayer retains a substantial interest in such trade or business.

interest in the partnership. This is treated as a substantial interest. Sec. 1.47–3(f)(2)(ii), Income Tax Regs.

However, the gifts of stock made by petitioner in 1968 caused a reduction in his interest from 45 percent to 21 percent, a reduction of 53.33 percent. This occurred at a time when the useful lives which were taken into account in computing the credit under section 38 had not expired. All of the section 38 property had been in use for less than 4 years. As we have interpreted section 47(b), unless 21 percent is a substantial interest, then section 47(b) would no longer be applicable and total recapture would be warranted under section 47(a)(1). See sec. 1.47–3(f)(5)(ii), Income Tax Regs.

In this instance both petitioners and respondent seem to have assumed that petitioner has retained a substantial interest in the corporation after the gifts of stock were made. Since neither party has raised the issue of whether 21 percent is in fact a substantial interest, we shall treat 21 percent as a substantial interest for the purpose of this case. In so doing we want to make it clear that we express no opinion as to whether 21 percent is in fact a substantial interest.

Petitioners have contended that recapture is not required since the section 38 property was not disposed of by the corporation and did not cease to be section 38 property with respect to petitioner under the regulations. Petitioners base their argument upon the premise that section 47 does not provide a rule for determining when an asset is disposed of or otherwise ceases to be section 38 property with respect to the taxpayer. Therefore, they contend that the determination is to be made under "regulations prescribed by the Secretary or his delegate." Petitioners then contend that recapture cannot occur unless the situation is covered by a specific regulation which requires recapture and that none exists in this situation. For reasons to be stated, we find petitioners' contentions untenable.

Respondent, on the other hand, contends that recapture is required under paragraph (a)(2) of section 1.47–6, Income Tax Regs.[9] (relat-

---

[9] Sec. 1.47–6(a)(2), Income Tax Regs., provides in part as follows:

(2) *Disposition of partner's interest.* (i) If—

(*a*) The basis (or cost) of partnership section 38 property is taken into account by a partner in computing his qualified investment, and

(*b*) After the date on which such partnership section 38 property was placed in service by the partnership and before the close of the estimated useful life of the property, such partner's proportionate interest in the general profits of the partnership (or in the particular item of property) is reduced (for example, by a sale, by a change in the partnership agreement, or by the admission of a new partner) below the percentage specified in subdivision (ii) of this subparagraph,

then, on the date of such reduction such partnership section 38 property ceases to be section 38 property with respect to such partner to the extent of the actual reduction in such partner's proportionate interest in the general profits of the partnership (or in the particular item of property). * * * Accordingly, a recapture determination shall be made with respect

ing to partnerships). As we read section 1.47–6, Income Tax Regs., it is our opinion that it does not directly apply to the instant situation. The conversion of the partnership into the corporation would have triggered a total recapture under this regulation but for the fact that section 47(b) applied. Since section 47(b) in effect preempts section 1.47–6, Income Tax Regs., this regulation cannot later be directly applicable when there occurs a reduction in interest after the mere change in form. In attempting to persuade us to apply section 1.47–6, Income Tax Regs., directly, respondent draws an analogy to section 1.47–4(a)(2), Income Tax Regs. (relating to electing small business corporations), and *Charbonnet* v. *United States*, 455 F. 2d 1195 (C.A. 5, 1972). We are of the opinion that this analogy is misplaced.

Section 1.47–4, Income Tax Regs., provides special recapture rules in the case of electing small business corporations and former electing small business corporations. Section 1.47–6, Income Tax Regs., provides special recapture rules for partnerships [10] only and does not directly apply to former partnerships. In the case of former electing small business corporations the corporate status is retained; there is no transfer of assets and no "mere change in the form of conducting the trade or business." On the other hand, in the case of former partnerships, the partnership status is changed and there is a change in the form of conducting the trade or business. The regulation covering this situation would be section 1.47–3(f), Income Tax Regs. (relating to mere changes in the form of conducting a trade or business), not section 1.47–6, Income Tax Regs.

In *Charbonnet* it was held that taxpayers who had owned 100 percent of the stock in a former electing small business corporation on the date the corporation's investment credit was apportioned to the shareholders were liable for recapture when their percentage of ownership fell below the percentage required by section 1.47–4(a)(2), Income Tax Regs. (66⅔ percent), prior to the close of the estimated useful

---

to such partner. For purposes of such recapture determination the actual useful life of such property shall be the period beginning with the date on which it was placed in service by the partnership and ending with the date on which it is treated as having ceased to be section 38 property with respect to the partner. In making a recapture determination under this subparagraph there shall be taken into account any prior recapture determination made with respect to the partner in connection with the same property.

(ii) The percentage referred to in subdivision (i)(b) of this subparagraph is 66⅔ percent of the partner's proportionate interest in the general profits of the partnership (or in the particular item of property) for the year in which such property was placed in service. However, once property has been treated under this subparagraph as having ceased to be section 38 property to any extent the percentage referred to shall be 33⅓ percent of the partner's proportionate interest in the general profits of the partnership (or in the particular item of property) for the year in which such property was placed in service.

[10] E.g., under sec. 1.47–6, Income Tax Regs., recapture may occur where there has been a change in a partner's proportionate interest where due to a disposition of that interest, the addition of new partners or the conversion into a new partnership.

life of the section 38 property. The Fifth Circuit also determined section 47(b) to be inapplicable.[11] In this regard see S. Rept. No. 1881, *supra*, 1962–3 C.B. at 856, where the following was noted:

> The phrase "a mere change in the form of conducting the trade or business" (whether through incorporation, the formation of a partnership, or otherwise) applies only to cases where the properties of a trade or business are transferred.

We fail to see the relevance of *Charbonnet* to the present situation.

Respondent contends in his reply brief that section 1.47–6(a)(2), Income Tax Regs., is also applicable by reason of section 1.47–3(f)(5)(iv),[12] Income Tax Regs. In effect respondent argues that we must trace petitioner's interest from the time he received the investment credits as a partner through the incorporation in which petitioner's interest remained the same up until the reduction in interest resulting from petitioner's gifts of stock to his two sons. At this point, respondent contends that by reason of section 1.47–3(f)(5)(iv),[13] Income Tax Regs., we must test that reduction in interest under section 1.47–6(a)(2), Income Tax Regs., to determine if recapture is warranted. We agree with this approach.

Petitioner, however contends that section 1.47–3(f)(5)(iv), Income Tax Regs., applies only at the time of the change in form. We disagree. We believe that this particular subdivision is to be applied not only at the time of the change in form, but is applicable to any reduction in interest occurring thereafter. It is clear that the general regulations covering mere changes in the form of conducting a trade or business (section 1.47–3(f), Income Tax Regs.) are applicable not only at the time of the change in form but also cover the period thereafter. See particularly sec. 1.47–3(f)(5)(i) and (ii), Income Tax Regs.; see also *Mitchell A. Aboussie*, 60 T.C. 549 (1973). To contend that section

---

[11] However, see 455 F. 2d at 1200 fn. 13.

[12] Sec. 1.47–3(f)(5)(iv), Income Tax Regs., a part of the regulations covering mere changes in form, provides as follows:

(iv) Notwithstanding subparagraph (1) of this paragraph and subdivision (ii) of this subparagraph in the case of a mere change in the form of a trade or business, if the interest of a taxpayer in the trade or business is reduced but such taxpayer has retained a substantial interest in such trade or business, paragraph (a)(2) of § 1.47–4 (relating to electing small business corporations), paragraph (a)(2) of § 1.47–5 (relating to estates or trusts) or paragraph (a)(2) of § 1.47–6 (relating to partnerships) shall apply, as the case may be.

[13] As we read sec. 47(b), its applicability depends in part upon the retention of a substantial interest. Sec. 1.47–3(f)(5)(iv), Income Tax Regs., in making 1.47–6(a)(2) applicable would seem to go beyond this statutory requirement and require that even if a substantial interest is retained, recapture may still be warranted.

However, a close reading of sec. 47(b) reveals that it only provides (insofar as relevant to the instant situation) that property will not be treated as ceasing to be sec. 38 property with respect to the taxpayer where there occurs a mere change in the form of conducting a trade or business so long as the taxpayer retains a substantial interest in such new trade or business. The provision does not prevent recapture upon the occurrence of other triggering events such as a reduction in interest. It is this type of situation (i.e., the reduction in interest) to which sec. 1.47–3(f)(5)(iv), Income Tax Regs., is directed.

1.47–3(f)(5)(iv), Income Tax Regs., applies only at the time of the change in form would be contrary to the tenor of the change in form regulations. The reason for the "so long as" requirements of section 47(b) and the purpose of the regulations promulgated thereunder is to prevent the possibility of bailouts from occurring after the change in form. Cf. S. Rept. No. 1881, *supra*, 1962–3 C.B. at 724. We, therefore, find section 1.47–3(f)(5)(iv), Income Tax Regs., applicable to the instant situation.

In this instance, since petitioner's interest prior to the change in form was in a partnership in which he received his investment credits, section 1.47–3(f)(5)(iv), Income Tax Regs., directs the taxpayer to section 1.47–6(a)(2), Income Tax Regs., to determine if recapture is warranted under section 47(a)(1) because of the reduction in that interest.

Applying the percentage test of this regulation to the instant facts we find that there has been a reduction in petitioner's interest from 45 percent to 21 percent. Since this is 46.67 percent of petitioner's original 45 percent on which he secured his investment credits when he was a partner, recapture is therefore warranted. As to the amount of recapture, the regulation provides that since petitioner has disposed of 53.33 percent of his stock there should be a corresponding recapture of 53.33 percent of the investment credits previously taken in 1965 and 1966.

Reviewed by the Court.

*Decision will be entered for the respondent.*